Frederick Backer, J.
Petitioners seek %o aiinttl the determination of the respondent, Commissioner of Hospitals of the City of New York, which -directed theta to comply with the applicable provisions of the Hospital 'Code ail'd Begulatiolis of the City of New York or to dis’ó'o-ntiiiüe operation of the petitioners’ hospital. The respondent Hotamissidnei* ‘opposes the •application upon the ground that the hospital facilities are being operated without license -and in violation of -the Hospital Code and section 35-b of the Social Welfare Law.
It appears that the petitioning hospital was originally established in or about 1909 and has been licensed by the Department of Hospitals since -about 19-35. On October 27, 1961-, its last renewal license expired. The respondent Commissioner disapproved petitioners’ application for a further "renewal and since then the hospital facilities have been Operated without a license. On October 24, 1-962, an inspection 'of the hospital "was conducted by -an Inspector of the Department of Hospitals. It revealed that there were 28 alcoholics and 1 -drug addict in the hospital and that numerous violations of the Hospital Code provisions existed in the hospital facilities. Petitioners were notified of the violations. Thereafter, on April 5, Í963, another inspection disclosed 19 alcoholics and 3 drug addicts being treated in the hospital alid many of the Violations which were in existence on October 24, 1962 were still present.
Thereupon, the respondent, Commissioner Of Hospitals, determined that the hospital either comply with the Hospital Code provisions or discontinue its operations. It is with respect to this latter determination that the instant article 78 proceeding has been brought by the petitioners.
*904 The corporate petitioner is a stock corporation organized under the laws of the State of New York. Its corporate charter was granted it in 1909. Pursuant thereto, it has continuously owned and maintained a special proprietary hospital for the treatment of drug and alcohol addicts. While the purpose, intent and facilities of petitioners are laudable, the corporation, nevertheless, may not lawfully operate the hospital without a license issued by the Commissioner of Hospitals of the City of New York. The statutes applicable herein are subdivision 2 of section 583-a of the New York City Charter; sections 41, 42 and 47 of the Hospital Code and Regulations compiled by the Board of Hospitals of the City of New York, and section 35-b of the Social Welfare Law. By subdivision 2 of section 583-a of the New York City Charter, there is imposed upon the Commissioner of Hospitals the discretionary power to license private proprietary hospitals. Included within the category of a private proprietary hospital are all private institutions wherein human beings receive medical attention, or nursing care or custodial supervision and it extends to hospitals, sanatoria, nursing homes, convalescent homes, homes for the aged or chronic patients. Excluded from the jurisdiction of the licensing statute are only those institutions which are nonprofit or those duly licensed under the Mental Hygiene Law or section 2520 of the Public Health Law. Manifestly, the hospital herein does not come within these exclusions.
Extended argument is not needed to conclude that alcoholism and drug addiction are illnesses. Recent medical findings have definitely established as illnesses those suffering from alcoholism and drug addiction (see Vocational Rehabilitation Act, as amd. Aug. 3, 1954; U. S. Code, tit. 29, § 31 et seq.), which authorizes Federal grants for the assistance of States in rehabilitating physically handicapped individuals and which has been so extended to include those suffering from alcoholism. The New York State Journal of Medicine (Oct. 1, 1957, p. 3191) notes that the New York City Sickness and Disability Law recognizes alcoholism as an illness, the victim of which is entitled tó disability benefits. The World Health Organization has defined alcoholics as those excessive drinkers whose dependence on alcohol interferes with their bodily and mental health and requires medical treatment. The Report of the Advisory Committee on Alcoholism (New York State Interdepartmental Health Resources Board, Albany, New York, p. 9, Sept., 1957) stated:
“Now that alcoholism is recognized as a pathological process, even in its initial stages, the entire sickness has become one of the newest responsibilities of the medical profession * * *.
*905 “ The importance of a disease may be gouged by criteria: its magnitude or prevalence; its distressing or disabling character; its economic consequences; and its sociological effects, whether on the community, industrial organizations or family. By any of this criteria, alcoholism is high on the priority list for action. It is believed to be among the ten top diseases.”
Narcotic drug addiction is also, clearly, an illness which requires diagnosis, treatment and care (Narcotic Drug Addiction, U. S. Department of Health, Education and Welfare, Public Health Service — Mental Health Monograph, pp. 1-9).
In light of the papers submitted herein and upon the authoritative references aforestated, the patients admitted to the petitioners’ hospital herein are persons who require diagnosis, treatment and care for the illnesses of drug addiction and alcoholism which are, obviously, within the intent and meaning of section 40 of the Hospital Code and Regulations of the City of New York. The petitioning corporate hospital must supply to its patients the safety provisions contemplated by the Hospital Code for private proprietary hospitals. It should, therefore, comply with the Hospital Code provisions and section 35-b of the Social Welfare Law and subdivision 2 of section 583-a of the New York City Charter. Moreover, the hospital, having been without a license since October 27, 1961, does not come within the protection of the “ grandfather clause ” of section 35-b of the Social Welfare Law. It is required to comply with both section 35-b of the Social Welfare Law and section 42 of the Hospital Code. Section 35-b of the Social Welfare Law requires that only physicians duly licensed by the State Department of Education and partnerships of such physicians may operate hospitals for profit. It excepts those hospitals which were in existence at the time the section of the law became effective and are licensed. The petitioning hospital herein, however, has been unlicensed and under the circumstances herein must comply with section 35-b of the 'Social Welfare Law. There is no dispute that neither the corporate petitioner nor the individual petitioner is a physician duly licensed by the State Department of Education or a partnership of such physicians. Under the circumstances, the petitioners, until they comply with the Hospital Code, as well as section 35-b of the Social Welfare Law, may not be lawfully permitted to continue to maintain and operate a hospital within the City of New York.
These laws are designed to protect all hospital population from dangers to their health, comfort, life and welfare. The petitioners’ hospital facilities are being maintained witnout *906 license in violation of the licensing statute, without compliance with the requirements of the Hospital Code- and in violation of section 35-b of the Social Welfare. Law. While the work and purposes of petitioners, is to- he commended) they, nevertheless, must comply with all of the laws, rules and regulations of the City and State of New York applicable- to, such institutions or hospitals. The determination- of the respondent herein, that the hospital facilities be made to comply in all respects with the Hospital Code, and. with other provisions of law, has ample warrant, upon- the facts- and the- law presented herein. Since the order of the respondent, Commissioner of Hospitals, has a reasonable basis in fact and in- law;, and. was not arbitrary or capricious, this, court may n ot disturb the determination- made nor substitute its judgment for that of the Commissioner. Accordingly, the application is denied- and the- petition dismissed.